# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1768

_____

United States of America

*Plaintiff - Appellee*

v.

Alhaji Kundu Aly

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 15, 2026
Filed: July 8, 2026
[Unpublished]

_____

Before LAVENSKI R. SMITH, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Alhaji Kundu Aly pled guilty to wire fraud in violation of 18 U.S.C. § 1343. The district court[1] sentenced him to 78 months in prison. He appeals. Having

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

jurisdiction under 28 U.S.C. § 1291, this court affirms the sentence and dismisses the appeal.

Aly's plea agreement contained a "Waiver of Appeal" which said:

After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed, or to request or receive any reduction in sentence by operation of 18 U.S.C. § 3582(c)(2). Defendant also waives the right to appeal any non-jurisdictional issues, including but not limited to any issues relating to restitution. Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. In the event that defendant files a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), the permissible bases for such a motion are limited to the bases set forth in USSG §1B1.13, until that provision is amended by the United States Sentencing Commission, and defendant waives the right to argue for such a reduction in term of imprisonment based on grounds other than the bases outlined in USSG § 1B1.13. Defendant's waiver of the rights set out above includes defendant's waiver of the rights (1) to contest, facially or as applied, the constitutionality of the statute(s) under which defendant is pleading guilty, (2) to contest, facially or as applied, the constitutionality of the statute(s) or guidelines under which defendant will be sentenced, (3) to argue that defendant's conduct does not fall within the scope of these statute(s) or guidelines, or (4) to challenge the voluntariness of defendant's guilty plea. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement, or (2) if the sentence imposed exceeds the maximum statutory penalty. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to

have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

Aly acknowledged that he had read the agreement in its entirety and signed it voluntarily:

> Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

> . . . .

> Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding

-3-

of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

"As a general rule, a defendant may waive his right to appeal in a plea agreement." *United States v. Van Nguyen*, 602 F.3d 886, 893 (8th Cir. 2010). Enforcing an appeal waiver requires a three-part inquiry, considering whether: "(1) the defendant knowingly and voluntarily waived his right to appeal; (2) the issues the defendant wishes to appeal fall within the scope of the waiver; and (3) enforcement of the waiver would not result in a miscarriage of justice." *Id*.

Aly waived his challenges to his conviction and sentence. First, his waiver was knowing and voluntary. He reviewed the plea agreement with counsel, initialed each paragraph, and signed the agreement. The waiver clearly states: "defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed." Second, the waiver is broad in scope. The 78-month sentence, at the low end of the guidelines range, did not exceed the statutory range and was not constitutionally defective. Third, enforcement of the appeal waiver would not result in a "miscarriage of justice."

Aly also argues his trial counsel was ineffective "during plea bargaining, as counsel stipulated to a leadership enhancement lacking factual support while later objecting to it, demonstrating deficient performance and prejudice." This court normally defers "ineffective-assistance claims to 28 U.S.C. § 2255 proceedings," reviewing on direct appeal only "where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." *United States v. Oliver*, 950 F.3d 556, 566 (8th Cir. 2010). A developed record requires that the district court "created a record on the specific issue of ineffective assistance." *Id*.

As in *Oliver*, there is no record in this case "because the district court neither convened an evidentiary hearing nor analyzed the potential merit of the claim." *Id*. (internal quotation marks omitted). "Additionally, declining to consider this claim on direct appeal would not constitute a plain miscarriage of justice" because Aly

-4-

"remains free to pursue [his] ineffective assistance claim through a section 2255 action." *Id*.

\* \* \* \* \* \* \*

The sentence is affirmed and the appeal dismissed.

_____